UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN MAYA, | : | CASE NO. 1:12-CV-403 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| v. | : | **STIPULATED PROTECTIVE** |
| | : | **ORDER** |
| TUBE CITY IMS LLC, | : | |
| | : | |
| Defendant. | : | |

This Protective Order governs discovery of any form whatsoever that concerns the information listed in Paragraph 1, below (hereafter the "Governed Discovery"), and is entered pursuant to Federal Rule of Civil Procedure 26(c). The Court hereby orders that the Governed Discovery is subject to the following terms and conditions:

1. The Governed Discovery shall consist of: (a) Plaintiff's medical and income records, and the information contained therein, and (b) all insurance policies produced by Defendant in discovery.

2. The Court hereby orders that all "Governed Discovery," whether produced in response to a formal discovery request or pursuant to a disclosure authorization executed by a party, shall be subject to the following terms and conditions:

> (a) The Governed Discovery shall not be shown to, furnished to, or otherwise disclosed to anyone other than the Court, Plaintiff, Defendant, prospective witnesses, counsel of record, and persons directly assisting counsel of record. For purposes of this Protective Order, the phrase "persons directly assisting

        counsel of record" means other persons employed in the counsel of record's office, experts or outside consultants retained by counsel of record to assist in the preparation of their case, and employees of Defendant directly assisting defense counsel in defending this case.

        (b) This Protective Order shall not apply to any documents or information that is in the possession of a party prior to disclosure in discovery, or is obtained by a party independently of discovery in this action.

2.     Unless agreed in writing otherwise, the Governed Discovery, and/or the data and information contained therein, if filed with the Court by a party as exhibits to depositions or as trial exhibits or as exhibits to a pleading, motion, memoranda, brief or other documents, shall be filed under seal and shall be accessible to the Court, the parties, and counsel of record.

3.     Any and all copies of the Governed Discovery and/or the data and information contained therein, shall be returned to the producing counsel of record or destroyed upon the completion of this case.

4.     The Governed Discovery and/or the data and information contained therein shall not be used by the receiving party for any purpose other than preparation and presentation of this case and shall not be used in any lawsuit, claim, or cause of action other than this case.

5.     Any prospective witness or person directly assisting counsel of record to whom the Governed Discovery is provided pursuant to this Protective Order and/or the information contained therein, shall be shown a copy of this Protective Order and shall be subject to its terms.

He or she shall also acknowledge his or her understanding of the Order by signing a copy of the same in counsel's possession.

6. The parties acknowledge and understand that the Court retains its inherent right to alter the provisions of this Protective Order when the Court believes the interests of justice will be served by any such alteration. The parties further agree that they may apply to the Court for modification of this Protective Order.

7. This Protective Order shall not prevent either party from presenting evidence, including any evidence covered by this Protective Order, at trial.

**SO ORDERED,**

Date: 10/5/12

Timothy S. Black
U.S. DISTRICT JUDGE

SO STIPULATED:

s/ Martin McHenry
Martin McHenry (0022543)
414 Walnut Street, Suite 910
Cincinnati, OH 45202
513-241-0441

Attorney for Plaintiff

s/ James D. Houston
Donald J. Mooney (0014202)
James D. Houston (0072794)
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202
(513) 698-5070

Attorneys for Defendant

-3-